**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-03-151-M |
| | ) | (CIV-05-900-M) |
| MICHELLE LOUISE MOORE, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**<u>ORDER</u>**

Defendant-Movant Michelle Louis Moore ("Moore"), a federal prisoner, filed her Motion
Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody
on August 8, 2005 and a memorandum in support of her § 2255 motion on September 6, 2005.  On
September 28, 2005, plaintiff-respondent United States of America filed its response.  Based upon
the parties' submissions, the Court makes its determination.

I.      <u>Introduction</u>

On July 2, 2003, Moore was indicted by a federal grand jury on a count of possession of
methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  On October 22,
2003, a grand jury returned a five count superseding indictment against Moore alleging: possession
of methamphetamine with intent to distribute ("Count 1"); possession of a semi-automatic pistol
while being an unlawful user of a controlled substance ("Count 2"); distribution of
methamphetamine ("Count 3"); possession of approximately ten (10) grams of methamphetamine
with intent to distribute ("Count 4"); and possession of rounds of ammunition while being an
unlawful user of a controlled substance ("Count 5") .

After a change of court-appointed counsel before the superseding indictment but subsequent
to her initial indictment, Moore pled guilty to Counts 4 and 5 of the superseding indictment.  The

Petition to Enter a Plea of Guilty executed by the parties contained an appellate waiver whereby Moore waived his right to appeal or collaterally challenge his sentence and conviction. Moore was then sentenced to fifty-one (51) months imprisonment on each count, the low end of the guideline range, to run concurrently. While Moore did not file a direct appeal, she now files her 28 U.S.C. § 2255 Motion.

II.    Discussion

In her § 2255 motion, Moore asserts (1) violation of her Sixth Amendment rights in that she was sentenced for improper quantities of drugs and (2) ineffective assistance of counsel based upon her counsel's inexperience and purported lack of knowledge concerning sentencing matters. The government contends, *inter alia*, that Moore's claims are barred by the waiver of collateral review rights provision contained in her plea agreement.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.*

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

2

A.      Scope of the waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the

language thereof and resolves any ambiguities against the government.  *Id.*

Paragraph 7 of Moore's plea agreement provides:

> Defendant understands that a sentencing guideline range for her case
> will be determined by the Court under the guidelines issued by the
> U.S. Sentencing Commission.  Defendant also understands that the
> Court has jurisdiction and authority to impose any sentence within
> the statutory maximum for the offense(s) to which she is pleading
> guilty.  Defendant further understands that Title 28, United States
> Code, Section 1291, and Title 18, United States Code, Section 3742,
> give her the right to appeal the judgment and sentence imposed by the
> Court.   Acknowledging all this, defendant in exchange for the
> promises and concessions made by the United States in this plea
> agreement, knowingly and voluntarily waives her right to:
>
> a.      Appeal or collaterally challenge her guilty plea and
> any other aspect of her conviction, including but not
> limited to any rulings on pretrial suppression motions
> or any other pretrial dispositions of motions and
> issues;
>
> b.      Appeal, collaterally challenge, or move to modify
> under 18 U.S.C. § 3582(c)(2) or some other ground,
> her sentence as imposed by the Court and the manner
> in which the sentence is determined, provided the
> sentence is within or below the applicable guideline
> range determined by the Court to apply to this case.
> Defendant acknowledges that this waiver remains in
> full effect and is enforceable, even if the Court rejects
> one or more of the positions of the United States or
> defendant set forth in paragraph 6 concerning the
> application of the U.S. Sentencing Guidelines.
>
> c.      It is provided that (i) defendant specifically does not
> waive the right to appeal an upward departure from
> the sentencing guideline range determined by the
> Court to apply to this case, and (ii) her waiver of
> rights to appeal and to bring collateral challenges
> shall not apply to appeals or challenges based on
> changes in the law reflected in Tenth Circuit or
> Supreme Court cases decided after the date of this
> agreement that are held by the Tenth Circuit or

3

Supreme Court to have retroactive effect.

Plea Agreement at ¶ 7 [docket no. 67].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Moore's appeal and collateral attack rights. The Court finds nothing in the record which indicates that Moore retains the right to collaterally challenge the matters which she is raising in her § 2255 motion. The only issues that Moore is entitled to raise through a § 2255 motion are those expressly reserved in the plea agreement. The sentence imposed by the Court was within the sentencing guideline range and specifically at the bottom of the range. Moore, therefore, experienced no upward departure from the sentencing guidelines. Furthermore, the Court finds the other issues Moore is attempting to raise, including her allegation that her counsel was ineffective, are within the scope of the waiver of her right to bring collateral challenges.

Accordingly, the Court finds that the grounds for relief fall within Moore's waiver of collateral attack rights, and specifically within paragraph 7 of her plea agreement.

B.    Knowing and voluntary

A defendant bears the burden to show that she did not knowingly and voluntarily enter into her plea agreement. *Hahn*, 359 F.3d at 1329.[2] When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id*. at 1325.

In this case, the plea agreement expressly provides that Moore knowingly and voluntarily

---

[2]The Court would note that Moore has neither asserted nor presented any evidence that she did not knowingly and voluntarily enter into her plea agreement.

waives her right to appeal or collaterally challenge her conviction or sentence.  Plea Agreement at at ¶ 7.  The plea agreement further provides, in the paragraph immediately preceding Moore and her attorney's signatures, that "defendant acknowledges that she has discussed [the plea agreement's] terms with her attorney and understands and accepts those terms."  *Id.* at  ¶ 17.

Additionally, the Court finds that the record of the Rule 11 colloquy of Moore's guilty plea shows unequivocally that Moore knowingly and voluntarily tendered her plea of guilty pursuant to the plea agreement.  During the change of plea hearing, the Court specifically questioned Moore concerning the appeal waiver, in pertinent part, as follows:

| | |
|---|---|
| The Court: | Now, what [the plea agreement] provides, in a nutshell, is that you agree today that you will not appeal any finding of guilty based upon your plea of guilty and that you will not appeal any sentence imposed today.  And that after the fact, you won't have second thoughts and come back and try to attack the sentence in any way.  Do you understand that? |
| Defendant Moore: | Yes, Your Honor. |
| The Court: | And is that part of the plea agreement that you voluntarily signed? |
| Defendant Moore: | Yes. |

Transcript of Guilty Plea and Sentencing, at 18.

In light of the above, the Court finds that Moore knowingly and voluntarily entered into her plea agreement and knowingly and voluntarily waived her right to collaterally challenge her sentence and conviction.

C.      Miscarriage of Justice

A "miscarriage of justice" results only "[1] where the district court relied on an

impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Moore has not alleged the Court relied upon any impermissible factor at sentencing. Additionally, Moore's sentence of 51 months' incarceration is below the statutory maximum of twenty (20) years imprisonment for Count 4 and ten (10) years' imprisonment for Count 5. The Court further notes that Moore has not alleged that enforcing her waiver of collateral attack rights will result in a miscarriage of justice. Finally, after carefully reviewing Moore's grounds for relief, the Court independently concludes that enforcement of her collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Accordingly, for the reasons set forth above, the Court finds that Moore's waiver of her right to collaterally challenge her conviction and sentence should be enforced and that the claims Moore asserts in her § 2255 motion should be dismissed.

III.     Conclusion

The Court, therefore, DISMISSES Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 16th day of May, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE